UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD CAMPBELL and, | ) | |
| JANET CAMPBELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:04CV0886 HEA |
| | ) | |
| FFE TRANSPORTATION | ) | |
| SERVICES, INC., ROCHELLE | ) | |
| MARIE JONES, and DAIMLER | ) | |
| CHRYSLER CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Daimlerchrysler Corporation's Motion for Good Faith Finding, [Doc. 74]. No opposition to this motion has been filed. For the reasons set forth below, the Motion is granted.

Plaintiffs and defendant Daimlerchrysler have entered into a settlement agreement as to plaintiffs' claims against Daimlerchrysler. As set forth in the motion, Daimlerchrysler seeks analysis of the proposed settlement pursuant to Illinois law because the accident giving rise to this lawsuit occurred near Lichfield, Illinois. See, *Dorman v. Emerson Electric Co.*, 23 F.3d 1354, 1357 (8th Cir. 1994).

The Illinois Contribution Act, which provides:

(a) Except as otherwise provided in this Act, where 2 or more persons

are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among therm, even though judgment has not been entered against any or all of them.

(b) The right of contribution exists only in favor of a tortfeasor who has paid more that his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. A tortfeasor is liable to make contribution beyond his own pro rata share of the common liability.

(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any or the other tortfeasor from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.

(d) The tortfeasor who settles with a claimant pursuant to paragraph

(c) is discharged frm all liability for any contribution to any other tortfeasor.

After participating in mediation, plaintiffs and Daimlerchrysler agreed to settle the matter. This settlement agreement is between plaintiffs and Daimlerchrysler only. The settlement resulted after these parties' successful mediation of the dispute, which was facilitated by a mediator. Thus, pursuant to 740 ILCS 100/1 *et seq*. the Court finds that the settlement between plaintiffs and Daimlerchrysler was entered into in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Daimlerchrysler Corporation's Motion for Good Faith Finding, [Doc. 74], is granted.

**IT IS FURTHER ORDERED** that the settlement between plaintiffs and defendant Daimlerchrysler Corporation was entered into in good faith within the meaning of the Illinois Contribution Act.

**IT IS FURTHER ORDERED** that this matter is dismissed, with prejudice as to defendant Daimlerchrysler Corporation.

**IT IS FURTHER ORDERED** that Daimlerchrysler's Motion to Transfer, [Doc. 68], is denied, as moot.

**IT IS FURTHER ORDERED** that this matter shall proceed as to the remaining defendants in accordance with the Court's Amended Case Management Order entered on May 25, 2006.

Dated this 12th day of July, 2006.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE